NOAH W. SAWYER *v.* TOWN OF MIDDLETOWN.

RUTLAND,
*January,*
1838.

If a constable, or a town, be sued for the neglect of such constable in not keeping property, taken on attachment, there cannot be deducted from the plaintiff's claim, what the constable expended, in prosecuting to effect his suit against another officer, for taking the property from him.

THIS was an action on the case for the default and neglect of John Harrington,late constable of Middletown in this, that the said constable had neglected to sell and apply on an execution, which he had in his hands, as such constable, in favor of the plaintiff against one Isaac Pierce, certain personal property which he,the said Harrington,as such constable, had before attached at the suit of the plaintiff against said Pierce,in which suit plaintiff had obtained a judgment, upon which said execution issued.  A part of the plaintiff's claim was the amount of a judgment recovered against said Harrington against one Hosea Eddy, for a part of the property attached upon the original writ, which had been sued for by Harrington and said judgment was recovered in his favor for $133,93 damages, besides the costs,of which judgment Harrington had paid to Sawyer $100,00.  It appeared on the trial in the County Court that Harrington recovered in the suit at an expense of $33,93 over and above the taxable cost,being the balance of the damages recovered after deducting said payment of $100. The plaintiff claimed the whole damages recovered.  The defendant insisted that the sum necessarily paid by Harrington, in good faith, to prosecute to a recovery the demand against Eddy, should not be made chargeable against the defendants, upon the ground that the constable ought not to be made chargeable therefor.  But the Court rendered a judgment for the plaintiff to recover the whole amount of said damages, to which opinion of the Court the defendants excepted.

*Jonas Clark,* for defendants.

*Orson Clark,* for plaintiff.

The opinion of the Court was delivered by

COLLAMER, J.—If the course taken by the constable was the only legal course, which could by him have been taken, then he should by law be indemnified and protected, and should be permitted to retain money for that purpose, and the plaintiff cannot recover.  If he has neglected his duty, and thereby cost has been occasioned him, he must bear it.

Rutland,
January,
1838.

Sawyer
v.
Town of
Middletown.

In the case of *State* v. *Downer & Fuller*, 8 Vt. R. 424, it was holden that a citizen could not lawfully resist an officer, in the attachment of property, though he owned the property and the precept was against another man. This law cannot, however, apply to an officer who has legally taken property on attachment. If he has taken the property on execution or final process, he must be responsible for the safe keeping of it, except against the act of God and the public enemies ; for he has the *posse comitatus* at his command, on such process. In relation to mesne process, he may excuse himself by a private irresistable rescue. This must be such physical force as, by him, *is* irresistable, and of this he must make due return. This principle in the law clearly shows that, in relation to an officer who holds property, by him legally attached, it is his privilege and his duty to resist, even with force, any other officer in taking the property from him. To hold otherwise, would create the very difficulty and mischief,the decision of the case of *State* v. *Dower & Fuller*, was intended to prevent, that is, violence to executive officers.

In this case, the constable was bound safely to keep the property by him attached, and it does not appear, that any force, irresistable by him, was used in taking the property from him. The constable having the right, and it being his duty, to keep the property, even by force, he cannot neglect this duty, and thereby incur expense, and then call for indemnity and remuneration therefor.

Judgment affirmed.